UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 22 CR 73 |
| v. ) | |
| ) | Judge Andrea Wood |
| JEROME BYCHOWSKI ) | |

**GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

The United States of America, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following consolidated motions *in limine*.

**I.   BACKGROUND**

On January 12, 2022, defendant Jerome Bychowski was driving his white Ford van, bearing license plate 3301030, on the 1200 block of South Leavitt Street in Chicago, Illinois. Bychowki pulled up behind a line of three vehicles that were entering the vehicle security gate for the FBI headquarters located at 2111 West Roosevelt (with a security gate facing Leavitt Street). FBI Special Agent A, an employee of the FBI, driving a Bureau-issued vehicle and engaged in the performance of his official duties, was waiting to make a turn into the FBI headquarters and was immediately in front of Bychowski.

Bychowski began honking his horn repeatedly. Special Agent A rolled down the window of his vehicle and told Bychowski to stop honking his horn and to either wait, or to drive around the vehicles. Instead, Bychowski, as captured on surveillance

1

video, drove up next to Special Agent A's vehicle and began yelling at Special Agent A, telling him to "go inside and do your pussy job," or words to that effect. After Special Agent A told Bychowski to stop behaving in an aggressive manner, Bychowski drove his van in front of Special Agent A's vehicle, got out of the van (as captured on surveillance footage) and walked back to Special Agent A. Bychowki challenged Special Agent A to get out of his car, said words to the effect that Special Agent A was "hiding behind your job and your car and afraid of getting your ass kicked." Bychowski continued insulting Special Agent A and then spit at Special Agent A, hitting his cheek and forehead. After being informed that he had committed a crime, Bychowski responded with words to the effect of, "Good luck proving it- there's no video."

Before Bychowski drove away, Special Agent B took photographs of Bychowski and Bychowski's van, including the license plate. Special Agent B also heard Bychowski state words to the effect of, "I spit on him."

Three weeks later, on February 4, 2022, law enforcement arrested Bychowski. At the time of his arrest, Bychowski was driving the same white Ford van, bearing license plate 3301030. When told that he had a "federal warrant by the FBI," Bychowski responded, "Oh shit. Ok, that's what it is. It's a federal crime. I had a discussion with a federal officer on the street."

## II. MOTION TO ALLOW GOVERNMENT'S ADMISSION OF DEFENDANT'S STATEMENTS AGAINST INTEREST, AND EXCLUDE SELF-SERVING HEARSAY

The government is permitted to introduce any statements by defendant into

evidence, pursuant to Federal Rule of Evidence 801(d)(2).

*January 12, 2022 Statements*

During the events of January 12, 2022, defendant made several relevant statements, which the government intends to admit, including the following:

- "Go inside and do your pussy job;"
- "If you're such a tough guy, get out of the car and show me;"
- "[You're] a pussy who's hiding behind your job and your car and afraid of getting your ass kicked;" and
- "Good luck proving it- there's no video."

The government does not seek to admit any of these statements for the truth of the matter asserted therein and therefore the statements do not constitute hearsay pursuant to Rule 801(c)(2).

Additionally, Special Agent B heard Bychowski make the following statement:

- "I spit on him."

The government intends to admit this statement for the truth of the matter asserted. Pursuant to Rule 801(d)(2), this is a non-hearsay admission by a party opponent.

*February 4, 2022 Statements*

On February 4, 2022, when Bychowski was informed that he had a "federal warrant by the FBI," Bychowski responded, "Oh shit. Ok, that's what it is. It's a federal crime. I had a discussion with a federal officer on the street." This exchange was captured by bodycamera footage. The government intends to admit this statement for the truth of the matter asserted. Pursuant to Rule 801(d)(2), this is a

3

non-hearsay admission by a party opponent.

With respect to the February 4, 2022, the government only intends to admit and publish the video of the above-cited portion of the February 4 bodycamera footage, as well as video stills showing the defendant with the white Ford van he was driving on both January 12 and February 4, 2022. The government does not intend to introduce in its case-in-chief any other statements made by the defendant on February 4, 2022.

The portions of the audio recording that the government does not play in its case-in-chief are inadmissible, *if offered by the defendant*, as they contain self-serving hearsay or otherwise irrelevant material. Fed. R. Evid. 402 (irrelevant evidence is not admissible), 802 (hearsay is not admissible).

The defendant may try to argue that additional footage containing irrelevant evidence or self-serving hearsay is admissible under the "rule of completeness." Federal Rule of Evidence 106 provides that "a complete statement is required to be read or heard when it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure fair and impartial understanding." *United States v. Lewis,* 641 F.3d 773, 785 (7th Cir. 2011). Federal Rule of Evidence 106 does not open the doors for the defendant to admit all of her statements, once the prosecution has admitted certain others. It does not require admission of statements that are "neither explanatory of nor relevant to the admitted passages." *Id.*

Importantly, a party cannot use the doctrine to circumvent Rule 803's exclusion of hearsay testimony. *Id.* The caselaw is clear on this point. *See, e.g. Lewis*, 641 F.3d 773, at 785 (rejecting defendant's attempt to cross-examine officers about the omitted portions of his post-arrest statement); *United States v. Vargas,* 689 F.3d 867, 876 (7th Cir. 2012) (affirming district court's decision to not admit portion of arrest video under rule of completeness as it was inadmissible hearsay). A party's self-serving, exculpatory, out-of-court statement generally constitutes inadmissible hearsay. *See United States v. Doxy,* 225 Fed. Appx. 400, 402 (7th Cir. 2007) ("Typically, a party's self-serving, exculpatory, out-of-court statement is inadmissible hearsay."). Defendant may only elicit testimony regarding any exculpatory statements if there is an applicable exception to the hearsay rule that would permit their admission.

The court's analysis, under the rule of completeness, in determining whether those portions of defendant's statement that the government does *not* introduce is: (1) does it explain the admitted evidence; (2) does it place the admitted evidence in context; (3) will admitting it avoid misleading the trier of fact; and (4) will admitting it insure a fair and impartial understanding of all the evidence. *United States v. Velasco,* 953 F.2d 1467, 1475 (7th Cir. 1992) (citations omitted). Defendant's self-serving statements – which are inadmissible hearsay if offered by the defense – do not survive this test.

If defendant intends to ask that the entirety of the interviews be played, the government seeks a ruling before trial wherein the defendant proffers the purpose of

5

excluded portions and the permissible rule of evidence that allows the admission of this evidence.

### III. MOTION TO BAR JURY NULLIFICATION ARGUMENTS

The government respectfully moves this Court to preclude the defense from arguing or presenting evidence designed to elicit jury nullification.

It is improper for a defendant to suggest that the jury should acquit a defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Laguna*, 693 F.3d 727, 730 (7th Cir. 2012); *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006); *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) ("A defendant has of course no right to ask the jury to disregard the judge's instructions ('jury nullification')."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) ("[D]efense counsel may not press arguments for jury nullification in criminal cases").

Although the government cannot anticipate every form of "jury nullification" defendant may seek to inject, it moves to exclude the potential areas noted below, as well as any argument or questioning, no matter what its form, that, in effect, would "encourage a jury to acquit under any circumstances regardless of the applicable law or proven facts." *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983).

### A. Argument Regarding Defendant's Definition of Criminal Conduct.

Defendant has submitted a proposed jury instruction (Dkt. 66), in which defendant announces his intention to argue his personal definition of what constitutes a "criminal act." Defendant opines that "a criminal act is a counterproductive act that detracts from productivity . . a criminal act reduces the productivity within the situation upon which it is conducted." *Id.* Defendant further requests that the jury be instructed that they must determine "whether or not there was a criminal act conducted," in accordance with his definition. *Id.*

Defendant's proposed definition and instruction have no basis in established jury instructions or case law, and the government will move to oppose the jury instruction.

The government further moves to bar the defendant from making this argument to the jury. The defendant's offering of his own theory of what constitutes a "criminal act," is a clear attempt at jury nullification, encouraging jurors to ignore the law of the United States, as provided by the Court, and to supplant that established law with a theory of criminality invented by the defendant.

### B. Penalties Faced by Defendant if He is Convicted

Bychowski is charged with an offense that carries a maximum sentence of 8 years' imprisonment. The Seventh Circuit has held that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), overturned on other grounds, 526 U.S. 813 (1999); *United States v. Lewis*, 110 F.3d

417, 422 (7th Cir. 1997). Argument and evidence concerning punishment are improper because the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (footnote omitted) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975))); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000); 7th Cir. Pattern Crim. Jury Instr. 4.08 (2020) ("In deciding your verdict, you should not consider the possible punishment for the defendant[s] [who [is; are] on trial]."). Mention of the potential penalties faced by a defendant—including possible imprisonment, restitution, or fines—would serve only the improper purpose of inviting the jury to consider the penal consequences of a conviction defendant and, ultimately, nullification. They should accordingly be excluded.

      **C.    Motivations for Investigating or Prosecuting this Case**

The government seeks to bar any evidence pertaining to why this case was charged at the federal rather than state level, or why the charges were brought at all.

Claims of selective or vindictive prosecution are irrelevant to the merits. *United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."). Whether and why certain individuals are charged or not charged is equally immaterial. *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (in

8

a case involving a prohibited narcotics transaction, "[w]hether or not [a co-arrestee] was criminally charged [did] not make the facts relating to [the defendant's] knowledge and participation in the attempted purchase more or less probable"); *United States v. Mosky*, No. 89 CR 669, 1990 WL 70832, at *1 (N.D. Ill. May 7, 1990) ("The government seeks to bar only any reference to its decisions regarding who to indict and for what acts. The government is correct that those decisions are not relevant to the charges faced by these defendants."). The subjective intentions or motivations of a government agent are also extraneous. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court to prohibit the defense from "mount[ing] an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

"In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id*. at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Accordingly, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and, thus, properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"). To the extent defendant wishes to raise these issues, he must raise them with the Court, not the jury. *See United States v. Jarrett,* 705 F.2d 198, 204–05 (7th Cir. 1983) (finding claims

9

of selective prosecution must be raised before trial); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective prosecution is one to be determined by the court"). Defendant has filed no such motions. Accordingly, evidence and argument related to these issues, in any form, should be barred by the Court.

### D. Allegations or Claims of Outrageous Government Conduct and Delay

The Court should also preclude any evidence or argument related to so-called "outrageous government conduct." For instance, defendant has accused the government of "wasting time, delaying the progress, lying to the judge and harassing defendant." Dkt. 117, at 6. Defendant's allegations of delay have expanded beyond government counsel to previous Judges assigned to the case. *See e.g.* Dkt. 117, at 2-5 ("the only time that was wasted, was done through the decisions of Judge Gettleman, Judge Norgle, and Attorney Madrinan").

The Seventh Circuit has repeatedly held that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011); *see also United States v. Boyd*, 55 F.3d 239, 241–42 (7th Cir. 1995) (stating that "the doctrine [of outrageous governmental misconduct] is moribund" (alteration in original) (quoting *United States v. Santana*, 6 F.3d 1, 4 (1st Cir. 1993))). Moreover, the issue of government misconduct is a matter of law for determination by the Court, and must be raised in the form of a pretrial motion. See *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that "[a]ll of the circuits that

10

have considered the question have held that the issue of outrageous government conduct is not a jury question.") (collecting cases).

Yet, there is a "tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (quoting *Sears v. Romiti*, 50 Ill.2d 51, 277 N.E.2d 705 (1971)). In these types of cases, the "thrust of the defense is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts have granted motions in limine "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States Shields*, No. 90 CR 1044, 1991 WL 236492, *3 (N.D. Ill. 1991); *see also United States v. Boender*, No. 09 CR 186, 2010 WL 811296, at *3 (N.D. Ill. March 3, 2010) ("The Seventh Circuit does not recognize an outrageous government conduct defense: the doctrine is more than moribund—it is stillborn because it never had any life; and it certainly has no support in the decisions of this court, which go out of their way to criticize the doctrine."); *United States v. Katz*, No. 92 CR 94, 1992 WL 137174, at *5 (N.D. Ill. June 15, 1992); *United States v. Finley*, 708 F. Supp. 906, 913 (N.D. Ill. 1989) (granting motion in limine to preclude evidence "designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"). Accordingly, the government moves to bar the

11

defense from introducing evidence or argument of outrageous government conduct, either in the investigation or prosecution of this case.

### E. Testimony Regarding Defendant's Homelessness.

The Court should also preclude any evidence or argument related to the fact that at the time of the offense defendant had sold his home and was living in his van. Any testimony on this subject is irrelevant to the charged conduct at issue in this trial. *See e.g. United States v. Cunningham*, 393 Fed.Appx. 403, 407 (7th Cir. 2010) (finding the district court properly concluded that that testimony that defendant was homeless was irrelevant to the issues at trial or defendant's defense and that district court properly barred testimony on the subject).

## IV. MOTION TO PRECLUDE ARGUMENT CONCERNING MISSING WITNESSES

It is within the Court's discretion to prohibit argument by either side concerning missing witnesses not under the control of either side. *United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987). "The reasons for not calling witnesses are so many and so complex—from … concern about the witness's appearance and demeanor to concern about the content of the testimony to a belief that the witness would invoke the privilege against self-incrimination—that a full exploration could take the trial far afield." *Id*. Thus, "when [a] witness is equally available to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." *United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992). "The traditional position, limiting comment by judge or counsel to a witness under the control of the adverse party … is sound." *Id*.

12

Therefore, the government requests that the Court prohibit defendant from introducing evidence about, or arguing that any relevant inference can be drawn from, the fact that additional witnesses did not testify.

Alternatively, if the Court allows defendant to introduce evidence or make any such argument regarding missing witnesses, the government seeks permission to respond to this argument appropriately. As the Seventh Circuit has held, ordinarily, a prosecutor may reply to "an argument by the defense that the absence of some witness counts against the prosecution" by pointing out that the defense has the same subpoena power as the government. *Sblendorio*, 830 F.2d at 1392–93.

## V. MOTION TO BAR COMMENTS REGARDING DISCOVERY

The government respectfully moves this Court to preclude defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Requests for, and motions related to, discovery made in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. *See United States v. Mandell*, No. 12 CR 842, 2014 WL 287520, at *3 (N.D. Ill. Jan. 27, 2014); *United States v. Dochee*, No. 08 CR 108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (granting the government's motion *in limine* to exclude comments on discovery because it "could create the impression that the opposing party is withholding information."). In the same vein, evidence or argument related to missing evidence absent proof of bad faith is also improper. *See United States v. Folami*, 236 F.3d 860 (7th Cir. 2001). Therefore,

discovery requests should be made to the Court or opposing counsel outside the presence of the jury so that no prejudice results to either side. See, e.g., *United States v. Gray*, No. 07 CR 166, 2010 WL 1258169, *3 (N.D. Ind. Mar. 26, 2010).

## VI. MOTION TO BAR COMMENTARY REGARDING EVIDENTIARY RULINGS

The government respectfully moves this Court to preclude counsel from referring to excluded evidence or commenting on the Court's evidentiary and pretrial rulings in front of the jury. It is improper for counsel to comment on excluded evidence or suggest that it might affect the jury's analysis had the Court admitted it. *See Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008) (holding that comments during opening statement on excluded evidence were improper); *Solles v. Israel*, 868 F.2d 242, 245 (7th Cir. 1989) (criticizing prosecutor's "improper remarks in front of the jury including commenting on excluded evidence"). Indeed, such comments are irrelevant to whether, on the basis of the evidence presented, the prosecution has proven its case beyond a reasonable doubt. The jury is not allowed to speculate on evidence it has not heard. Counsel may argue the propriety of evidence in motions in limine. Once the Court has ruled, however, the matter is concluded and counsel are not free to decide for themselves what evidence is actually admissible. *Rutledge v. Cook County*, No. 06 C 6214, 2009 WL 3187904, at *6 (N.D. Ill. Sept. 30, 2009).

## VII. MOTION TO PRECLUDE ANY ARGUMENT OR EVIDENCE RELATING TO ALIBI OR UNAVAILABILITY, MENTAL DEFECT, OR PUBLIC AUTHORITY

Under the Federal Rules of Criminal Procedure, a defendant is required to provide the government with notice of: (1) any alibi or similar defense, including any

defense asserting the defendant's unavailability on or near the dates named in the indictment (Rule 12.1); (2) any defense of a mental defect inconsistent with the state of mind required for the offense charged (Rule 12.2); and (3) any defense of public authority (Rule 12.3). Because Bychowski has not notified the government of his intent to raise any of these defenses, the government requests that he be prohibited from introducing evidence or argument of such defenses at trial.

## VIII. MOTION TO BAR EVIDENCE OF LAWFUL ACTS

The government respectfully moves this Court to preclude defendant from presenting evidence of, or making reference to, lawfulness, lack of criminal history, non-corrupt conduct, or prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with Federal Rule of Evidence 405(a).

Defendant may seek to admit evidence that, on prior occasions, he acted in a lawful manner. He may further argue that, because he previously performed good acts, he could not have committed the charged offenses. "Evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012); *see also United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence … through proof of the absence of criminal acts on specific occasions."); *United States v. Johnson*, No. 08 CR 466, 2011 WL 809194, at *4 (N.D. Ill. Mar. 2, 2011) ("[E]vidence of specific lawful acts of defendants is not properly introduced to show that defendants did not have the requisite intent to commit the

15

crimes charged"). Thus, any evidence or argument regarding defendant's alleged prior good acts or non-corrupt behavior should be excluded.

Dated: June 14, 2023            Respectfully submitted,

                                       MORRIS PASQUAL
                                       Acting United States Attorney

By:    */s/ Cornelius Vandenberg*
        CORNELIUS VANDENBERG
        Assistant United States Attorney
        219 South Dearborn Street, Fifth Floor
        Chicago, Illinois 60604
        (312) 353-5300