UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 22 CR 73 |
| v. | ) |
| | ) Judge Andrea Wood |
| JEROME BYCHOWSKI | ) |

**GOVERNMENT'S FIRST SUPPLEMENTAL MOTIONS IN LIMINE**

The United States of America, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following supplemental motions *in limine*. These motions in *limine* are prompted by factual discoveries made by the government in the course of preparing for trial[1], and defendant's filing of pretrial materials (Dkt. 155). The government reserves the right to further supplement these motions *in limine* as required.

**I. MOTION TO PRECLUDE OR LIMIT QUESTIONING AS TO GOVERNMENT WITNESS OMAR BAKER'S CRIMINAL HISTORY**

**A. Background**

As set forth in more detail in the Government's Consolidated Motions in Limine (Dkt. 146), on January 12, 2022, defendant Jerome Bychowski spit in the face of FBI Special Agent A.

Last week, the government learned that on or about January 30, 2023, Chicago Police officers responded to a convenience store on the 700 block of S. Pulaski Road

---

[1] As defendant set forth in Defendant's "Motion 7.0," on June 15, 2023, defendant called the Chicago Police Department ("CPD") on FBI agents who were attempting to provide defendant with a copy of the government's pretrial filings in this case. When the government followed up with those CPD officers, the government became aware of defendant's confession to Omar Baker regarding the conduct underlying this case, as set forth in more detail below.

in Chicago. There, according to the body worn camera footage from that response, the owner of the convenience store—Omar Baker—reported that a man had recently threatened to blow up his convenience store. Baker identified the man as an individual who lived in a white van on an adjacent lot of land next to his store. Officers later identified the man Baker described as the defendant, Jerome Bychowski.

According to the body worn camera footage, Baker reported to officers that, when he first met Bychowski, Bychowski told Baker, "I'm not scared of no motherfucker, I spit in an FBI agent's face . . . If I do that, I'll fuck anybody up."

### B. Omar Baker's 2002 Wire Fraud Conviction

According to law enforcement and Court records, on or about July 27, 2003, Omar Baker was convicted of wire fraud, in violation of 18 U.S.C. § 1343, and sentenced to 27 months' imprisonment. To the government's knowledge, Baker does not have any other criminal convictions.

### C. Evidence of Baker's Conviction Should be Excluded.

The government may call Mr. Omar Baker as a witness to testify as to the admissions Bychowski made to Mr. Baker, bragging that he "spit in an FBI agent's face."

Mr. Baker's wire fraud conviction from July 2003 is more than 10 years old. As a result, under Rule 609(b)(1), evidence of that conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." "Such convictions . . . should be admitted 'only in

2

rare and exceptional circumstances.'" *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 901 (7th Cir. 2019) (citing *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008)).

There is a five-part test to determine whether the probative value of a conviction outweighs its prejudicial effect. *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). The relevant factors are: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the witness' testimony; and (5) the centrality of the credibility issue. *Id.*

Here, this Court should exclude evidence or prohibit questions regarding Baker's 20-year-old conviction for wire fraud, as the probative value of this conviction does not substantially outweigh its prejudicial effect. First, there is relatively little impeachment value to the conviction, which involved a Food Stamp Program fraud scheme. Second, the scheme ended in September 1997, 26 years before Baker's 2023 interaction with Bychowski. Moreover, since that conviction for conduct that occurred over a quarter-century ago, Baker has not been convicted of any other crimes. Third, there is no similarity between the actions involving that conviction and Baker's testimony in this case. Fourth, Baker's testimony is not central to the government's case, it merely corroborates a factual event to which two eyewitness FBI agents are already testifying. Fifth, although defendant may seek to make Baker's credibility central to his cross-examination of Baker, Baker's credibility is of

3

limited importance within the broader government case-in-chief, which relies primarily on the eyewitness accounts of the two FBI agents present on the scene.

Given these factors, the probative value of this conviction does not substantially outweigh its prejudicial effect. This Court should prohibit evidence and questions regarding Baker's 2002 conviction for wire fraud. To the extent the Court allows questioning on this conviction for the purpose of impeachment, the government moves to minimize prejudice to Baker by limiting questioning to the fact of the conviction, the dates of the conviction, and the length of the sentence, without introducing the nature of the conviction.

Finally, to the extent the defendant seeks to impeach any government witness based upon any prior *arrests* that never resulted in conviction, this Court should prohibit evidence and questions regarding those arrests. *See* Fed. R. Evid. 609 (allowing impeachment by evidence of a criminal *conviction*). "The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations or charges." *Fields v. City of Chicago*, 981 F. 3d (7th Cir. 2020); *see also United States v. Kebles*, 318 F. App'x 678, 682 (10th Cir. 2009) (noting "The Federal Rules of Evidence require a *conviction* for impeachment—not simply an arrest") (emphasis in original); *Cruz v. Safford*, 579 F.3d 840, 844-45 (7th Cir. 2009) (upholding exclusion of prior arrests because they had no bearing on truthfulness); *United States v. Dochee*, 2009 WL 102986, *2 (N.D. Ill. Jan. 15, 2009) (granting government's motion in *limine* to bar evidence of prior arrests of government witnesses, facts underlying prior convictions of government witnesses,

4

and evidence of other prior bad acts of government witnesses that are not probative of truthfulness); *United States v. DeStefano,* 1995 WL 398763, *7-*8 (N.D. Ill. June 29, 1995) (granting government's motion in *limine* to preclude cross-examination of government witnesses for prior bad acts, insofar as it pertained to arrests that did not result in convictions and did not involve dishonesty).

## II. MOTION PERTAINING TO DEFENDANT'S PROPOSED CHARACTER WITNESSES

Defendant has announced his intention to call two character witnesses as part of his defense.

*A.) Motion to Bar Introduction of Character Traits Irrelevant to Crime Charged.*

The character evidence that defendant offers must be pertinent to the crime charged. Fed. R. Evid 404(a)(2)(A). Testimony regarding characteristics not pertinent to the charged crime -- such as generosity, hard-working, dedication to family, kindness, and similar traits and attributes having no bearing on the charged offense -- should be excluded. *See e.g. United States v. Santana-Camacho,* 931 F.2d 966, 967-68 (1st Cir. 1991) (testimony that defendant was "a good family man" was inadmissible character evidence inasmuch as such character traits were not pertinent to charged crime of illegally bringing aliens into the United States); *United States v. Nazzaro,* 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of defendant's receipt a medal of valor was properly excluded in mail fraud case since traits which such awards and commendations tended to show -- bravery, attention to duty, and community spirit -- were not pertinent to the charged offenses); *United States v. Hedgcorth,* 873 F.2d 1307, 1313 (9th Cir.), *cert. denied,* 493 U.S. 857 (1989) (excluding evidence regarding

5

defendant's character for truthfulness in prosecution for violations of federal explosives and firearms laws); *United States v. Jackson,* 588 F.2d 1046, 1055 (5th Cir.), *cert. denied,* 442 U.S. 941 (1979) (excluding testimony regarding defendant's truth and veracity as being not pertinent to charges of conspiracy to distribute heroin and possession with intent to distribute heroin).

Here, defendant's character is not an essential element of the charge, claim or defense and therefore, defendant may only introduce evidence of defendant's character trait or law-abiding citizenship through reputation and opinion testimony. *United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013).

The government requests that the Court bar any reputation or opinion testimony regarding defendant's character for truthfulness unless defendant can show that his character for truthfulness has been put in issue by his testimony at trial. *See United States v. Taylor*, 604 F.3d 1011, 1014 (7th Cir. 2010) (district court did not abuse discretion where it conditioned defendant's character witness' testimony on defendant taking the stand where defense counsel proffered that the character evidence regarding truthfulness was being offered to support defendant's truthful testimony).

*B.) Motion to Limit Nature of Character Testimony.*

The government has already moved to preclude defendant from presenting evidence of, or making reference to, lawfulness, lack of criminal history, non-corrupt conduct, or prior good acts. D. 146, at 15.

6

To the extent that defendant intends to present Rule 404(b) evidence of a specific act, the government requests that the court order defendant to provide advance notice of that testimony so the court can determine whether it is being used to prove that defendant acted in accordance with that act, and that such testimony is therefore inadmissible. Fed. R. Evid. 404(b)(1).

To the extent defendant intends to introduce evidence of defendant's character via reputation or opinion, the government moves to limit that testimony according to Rule 405(a). In particular, "testimony of specific instances is not generally permissible on the direct examination of an ordinary opinion witness," instead the testimony should be "confined to the nature and extent of observation and acquaintance upon which the opinion is based." *See* Advisory Committee Notes to Rule 405.

C.) *Motion to Allow Government's Rebuttal After Defendant's Introduction of Character Testimony.*

Pursuant to Rule 404(a)(2), in the event the defendant offers character evidence, the government "may offer evidence to rebut it."

"General evidence of the defendant's character is inadmissible in criminal cases. Such evidence becomes admissible, however, where the defendant has introduced evidence aimed at portraying his own character in a positive light, and the prosecution is merely trying to counter the inferences to be drawn from such statements. The prosecution may, for instance, introduce evidence of a defendant's bad reputation after a defendant has put [his] reputation at issue." *United States v. Bonner*, 302 F.3d 776, 781 (7th Cir. 2002) (admitting evidence by witness familiar

7

with defendant, that witness was unaware of defendant's supposed reputation for generosity). As the Supreme Court explained in *Michelson:*

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat -- for it is not the man that he is, but the name that he has which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current.... Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.

*Michelson v. United States*, 335 U.S. 469, 479-480 (1948).

The government also moves to rebut defendant's character evidence by introducing specific instances of conduct. *See* Fed. R. Evidence 405.

Dated: June 26, 2023

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: */s/ Cornelius Vandenberg*
CORNELIUS VANDENBERG
KURT SIEGAL
Assistant United States Attorney
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300