IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 22-cr-00073 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JEROME A. BYCHOWSKI | ) | |

## ORDER

The Government's consolidated motions *in limine* [146] are granted in part and denied in part; the Government's first supplemental motions *in limine* [162] are granted in part and denied in part; the Government's second supplemental motions *in limine* [197] are granted; and Defendant's motion *in limine* [163] is granted in part and denied in part. See the accompanying Statement for details.

## STATEMENT

Defendant Jerome Bychowski has been charged with violating 18 U.S.C. § 111(a) by forcibly assaulting and interfering with a Federal Bureau of Investigation ("FBI") agent while the agent was performing his official duties. Specifically, on January 12, 2022, Bychowski allegedly spit on an FBI agent during an altercation on the street near the FBI field office building in Chicago. Bychowski is proceeding *pro se*, and his jury trial is scheduled to begin June 24, 2024. This order resolves certain pending motions, including the Government's consolidated motions *in limine* (Dkt. No. 146), the Government's first and second supplemental motions *in limine* (Dkt. Nos. 162, 197), and Bychowski's motion *in limine* filed when he was briefly represented by counsel (Dkt. No. 163). The Court reminds the parties that the Court's pretrial evidentiary rulings are necessarily preliminary and may be altered even if nothing unexpected happens at trial. *Luce v. United States*, 469 U.S. 38, 41–42 (1984); *Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

   I.   **Government's Consolidated Motions *in Limine* (Dkt. No. 146)**

The Government makes a total of thirteen requests in its consolidated motions in *limine*. The Court addresses each in turn below.

   A.   **Bychowski's Statements**

The Government seeks a pretrial ruling that it may introduce into evidence certain statements by Bychowski. First, the Government claims that at the time of the alleged assault on January 12, 2022, Bychowski made a series of statements to the FBI agent that the Government now seeks to introduce into evidence for nonhearsay purposes—i.e., purposes other than to prove the truth of the matter asserted. Those statements are:

- "Go inside and do your pussy job."

- "If you're such a tough guy, get out of the car and show me."

- "[You're] a pussy who's hiding behind your job and your car and afraid of getting your ass kicked."

- "Good luck proving it—there's no video."

Next, the Government seeks to introduce into evidence two statements that it does offer for the truth of the matters asserted: (1) on the day of the incident, Bychowski allegedly stated that he "spit on him;" and (2) when Bychowski learned of his arrest warrant on February 4, 2022, he allegedly stated to the arresting officers, "Oh shit. Ok, that's what it is. It's a federal crime. I had a discussion with a federal officer on the street."

The Governments contends each statement is admissible—regardless of whether offered for its truth—under Federal Rule of Evidence 801. Rule 801(c)(2) defines "hearsay" as a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. But Rule 801(d)(2) goes on to provide that a statement offered for its truth is nonetheless ***not*** deemed hearsay if it is "offered against an opposing party," "was made by the party in an individual . . . capacity[,]" and "is one the party manifested that it adopted or believed to be true." *Id.*

All of Bychowski's statements are admissible. The statements that the Government offers for purposes other than the truth of the matter asserted are not hearsay under Rule 801(c)(2). Moreover, all Bychowski's statements, including those offered for their truth, constitute statements by an opposing party; therefore, the statements are not hearsay under Rule 801(d)(2). As Bychowski's statements are not hearsay and are relevant to the charged offense, they are admissible. *See* Fed. R. Evid. 402. The Government's motion is thus granted with respect to Bychowski's statements.

### B. Body Camera Footage

Next, the Government asks the Court to preclude Bychowski from introducing into evidence body camera footage recorded on February 4, 2022—the date he learned of his arrest warrant. Although the Government intends to admit part of the footage, it seeks to prevent Bychowski from introducing the remaining portion. According to the Government, Federal Rule of Evidence 106 (the "rule of completeness") is inapposite because the rest of the recording consists of irrelevant material and self-serving hearsay. Rule 106, the Government contends, cannot be used to circumvent prohibitions against irrelevant evidence and hearsay testimony. *See United States v. Lewis,* 641 F.3d 773, 785 (7th Cir. 2011).

At this point, however, Bychowski has not indicated that he will seek to introduce any portion of the body camera footage. And so, the Court declines to issue a blanket pretrial ruling that no portion of the body camera footage is admissible for any purpose if offered by Bychowski. Instead, the Court reserves ruling on the admissibility of any body camera footage offered by

Bychowski until trial. If Bychowski seeks to introduce body camera footage at trial, he must inform the Court in advance and be prepared to proffer (that is, explain) the purpose for which the footage is being offered so that the Court may resolve any objection from the Government outside the presence of the jury.

### C. Jury Nullification

The Government asks the Court to preclude Bychowski from making various arguments designed to elicit jury nullification.

First, the Government seeks to exclude argument regarding Bychowski's idiosyncratic definition of criminal conduct, as detailed in his proposed jury instruction (Dkt. No. 66). Bychowski's instruction is not an accurate statement of the law and will not be included among the instructions given to the jury. Therefore, the Court grants the Government's motion to bar Bychowski from making such an argument.

Second, the Government seeks to exclude argument or evidence pertaining to the criminal penalties that accompany the charged offense. Indeed, it is well established that "arguing punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997). Consistent with this rule, the pattern criminal jury instructions for the Seventh Circuit include the following instruction regarding punishment: "In deciding your verdict, you should not consider the possible punishment for the defendant[s] [who [is; are] on trial]. If you decide that the government has provided [the; a] defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment." Seventh Circuit Pattern Instruction 4.08 (2023 ed.) (bracketed material in original). The Court expects to give the pattern instruction at trial. Accordingly, the Court grants the Government's motion to bar contrary evidence or argument pertaining to potential criminal penalties.

Third, the Government seeks to exclude evidence related to why Bychowski's case was brought at the federal level, rather than the state level, or why the case was brought at all. Claims of selective prosecution and challenges to the Government's motives underlying the prosecution are irrelevant; therefore, such evidence cannot be presented before a jury. Fed. R. Evid. 402. The Government's motion is granted as to such arguments.

Fourth, the Government asks the Court to exclude references to outrageous Government conduct and delay. The Court grants the Government's motion to bar evidence or argument regarding outrageous Government conduct, which is "not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011).

Fifth, the Government asks the Court to exclude testimony concerning Bychowski's living situation. The Court declines to exclude before trial any testimony related to the fact that, at the time of the offense, Bychowski lived in his van. Given that Bychowski was driving his van immediately before the alleged altercation and drove off in the van afterwards, the Court believes that some testimony about the van as an abode may be relevant for limited purposes. Thus, the Court reserves ruling on this issue until Bychowski seeks to elicit such testimony at trial and the Court may consider it in context.

### D. Other Impermissible Arguments

The Government asks that the Court preclude argument concerning missing witnesses, pretrial evidentiary rulings, and discovery matters, arguing that such commentary is irrelevant, prejudicial, or both. The Government contends that argument related to missing witnesses encourages the jury to speculate about non-evidence. The Government contends that a similar risk exists if the jury hears commentary regarding pretrial rulings, specifically those concerning excluded evidence. And argument related to discovery matters is impermissible, the Government argues, because it may create the impression that one side has withheld information as a means of obtaining an unfair advantage.

Because each of these arguments identified by the Government would raise irrelevant matters and risks prejudicing the jury through exposure to non-evidence, the Government's motions are granted. That said, the Court reserves the right to alter its ruling in the event that a missing witness jury instruction is proper based on developments at trial. *United States v. Christ*, 513 F.3d 762, 773 (7th Cir. 2008) ("For a missing witness instruction to be given, a defendant must show (1) that the absent witness was peculiarly within the government's power to produce, and (2) that the testimony of the witness would elucidate issues in the case without being cumulative in nature.").

In addition, the Government asks the Court to bar any argument or evidence presented by Bychowski related to any alibi, unavailability, mental defect, or defense of public authority. Under the Federal Rules of Criminal Procedure, a defendant must notify the Government if he intends to raise any of these defenses. Fed. R. Crim. P. 12.1–12.3. Because the Government has not received any such notice from Bychowski, its motion is granted.

Lastly, the Government seeks to bar evidence of, or references to, Bychowski's lack of criminal history or prior good acts, unless such evidence is offered in conformance with the proper methods of proving character. Fed. R. Evid. 405(a). "Evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012). Thus, the Court grants the Government's motion as to that impermissible purpose. However, the Court reserves until trial any ruling regarding other potential uses of such evidence.

### II. Government's First Supplemental Motions *in Limine* (Dkt. No. 162)

With its first supplemental motions *in limine*, the Government seeks to preclude or limit questioning as to criminal history of witness Omar Baker. On January 30, 2023, Baker, who owns a convenience store, reported to the police that a man threatened to blow up his store. Baker explained to the responding officers that the person who made the threat lived in a van located on a plot of land next to the store. Later, law enforcement identified that individual as Bychowski. When Baker met with the officers to discuss the alleged threat, he reported that Bychowski once told him that he is "not scared of no motherfucker, I spit in an FBI agent's face . . . if I do that, I'll fuck anybody up." In July 2003, Baker was convicted of wire fraud and sentenced to 27 months' imprisonment after participating in a food stamp program fraud scheme.

The Government may call Baker as a witness to testify that Bychowski admitted he spit at an officer. When, as here, more than ten years have passed since a witness's conviction or release from confinement, Federal Rule of Evidence 609(b) provides that impeachment by evidence of a criminal conviction is permitted only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and the adverse party receives reasonable notice. To determine whether the probative value of a conviction outweighs its prejudicial effect, courts in this District apply a five-part balancing test that considers: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the [witness's] testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004).

Applying this test, the Government first argues that Baker's participation in a fraud scheme carries little impeachment value. Second, the Government observes that the scheme ended long before Baker's interaction with Bychowski, and that Baker has not been convicted of any crimes since. Third, the Government contends that there is no similarity between the fraud scheme and Bychowski's charge. Fourth, the Government claims that Baker's testimony is not vital to their case given the expected testimony from two eyewitness agents. Fifth, and finally, the Government argues that Baker's credibility is not central to their case-in-chief, which instead relies on the eyewitness accounts.

Bychowski has not indicated whether he will seek to introduce evidence of Baker's criminal conviction if the Government calls Baker as a witness, and so the Court declines to issue an advisory ruling. Nonetheless, the Court provides the following guidance regarding the application of the five-part balancing test to Baker's conviction. The Court notes that Baker's conviction for wire fraud—a crime of dishonesty—bears heavily on his capacity for truthfulness and thus carries greater impeachment value than the Government suggests. True, Baker's conviction is over twenty years old, and he has not been convicted of any crimes since. Nevertheless, the importance of Baker's testimony and the centrality of his credibility cut against the Government's position. The Government expects Baker to testify that Bychowski admitted to spitting in an FBI agent's face. Clearly, an alleged confession is important to the Government's case—eyewitness testimony notwithstanding. Relatedly, Baker's credibility is central for the simple reason that Bychowski denies having made such a statement and jurors will have to decide whether they believe Baker's account that Bychowski confessed. Thus, the Government's request that the Court exclude evidence of Baker's prior criminal conviction pretrial is denied.

While the Court has denied the Government's motion to exclude evidence of Baker's prior conviction pretrial, the Court also declines to find that such evidence will be admitted prior to Bychowski making a request. If the Government calls Baker as a witness and Bychowski desires to use Baker's prior criminal conviction to impeach his credibility, Bychowski must be prepared to explain why the probative value of the evidence substantially outweighs its prejudicial effect and provide the Government with reasonable notice of his intent to use such evidence. Fed. R. Evid. 609(b).

Lastly, the Government seeks to ensure that, if Bychowski calls character witnesses as part of his defense, his presentation of those witnesses comports with the Federal Rules of Evidence.

Specifically, the Governments asks the Court to bar the introduction of character traits irrelevant to the crime charged. Fed. R. Evid. 404(a)(2)(A). Furthermore, the Government seeks to limit the nature of any character testimony to that prescribed by Rule 405(a) and requests that Bychowski provide notice if he intends to present Rule 404(b) evidence of a specific act. Finally, the Government asks that it be permitted to rebut character testimony in accordance with Rules 404(a)(2) and 405. To the extent that the Government asks the Court to enforce the Federal Rules of Evidence, its motion is unnecessary as the Rules of Evidence will be applied faithfully and evenhandedly to both sides in this case.

### III. Government's Second Supplemental Motions *in Limine* (Dkt. No. 197)

Prompted by Bychowski's obstreperous conduct at prior hearings, along with the content of his filings, the Government asks the Court to instruct Bychowski on the potential consequences of disruptive or otherwise forbidden behavior at trial. Specifically, the Government seeks the following admonishments: (1) that Bychowski must not disrupt trial proceedings; (2) that such disruption may result in sanctions, including removal from the courtroom and forfeiture of the right to self-representation; and (3) that Bychowski is not entitled hybrid representation.

"It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated." *Illinois v. Allen*, 397 U.S. 337, 343 (1970). To this end, the Supreme Court recognizes that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." *Id.* Although there is "[n]o one formula for maintaining the appropriate courtroom atmosphere," removing a defendant from "the courtroom until he promises to conduct himself properly" is a constitutionally permissible measure. *Id.* at 343–44. In particular, when a *pro se* defendant engages in serious and obstructionist misconduct, "the trial judge may terminate self-representation," *United States v. Brock*, 159 F.3d 1077, 1079 (7th Cir. 1998) (quoting *Faretta v. California*, 422 U.S. 806, 835 n. 46 (1975)), and "appoint[] standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). Given Bychowski's comportment at prior hearings, the Court finds the Government's concerns to be well-taken and cautions Bychowski that disruptive or obstreperous conduct, including failure to follow the Court's directions, may result in forfeiture of his right of self-representation and, if necessary, removal from the courtroom.

As to hybrid representation, the Government filed its motion after the Court directed Bychowski's standby counsel to assume control over his representation. Since then, Bychowski has been permitted to proceed *pro se* once again. But, in the event standby counsel is asked to step in again, the Court advises Bychowski that he will not be permitted to act alongside the attorney. Doing so is "forbidden" because, among other things, it "allows a defendant to address the jury, in his capacity as counsel, without being cross-examined, in his capacity as a defendant." *United States v. Oreye*, 263 F.3d 669, 672–673 (7th Cir. 2001) (internal quotation marks omitted).

Lastly, the Government asks the Court to admonish Bychowski with respect to the following evidentiary matters: (1) that he cannot testify during his opening statement and closing

argument; (2) that any testimony he offers must comport with the Court's evidentiary rulings; and (3) that his cross-examination of witnesses must remain proper in manner, scope, and form. Here, the Court grants the Government's request in that it will go over courtroom protocol and procedures at the final pretrial conference on June 14, 2024 and again prior to the start of trial.

### IV. Bychowski's Motion in *Limine* (Dkt. No. 163)

Finally, Bychowski's standby counsel filed a motion *in limine* seeking to preclude the Government from presenting specific evidence of other crimes. In particular, Bychowski is concerned that the Government intends to question witness Baker about an interaction with Bychowski in January 2023 during which Bychowski allegedly threatened to "blow up" Baker's convenience store. Bychowski suggests that the interaction was the same one during which Bychowski allegedly stated that he was ". . . not scared of no motherfucker, I spit in an FBI agent's face . . . if I do that, I'll fuck anybody up." Bychowski contends that, because the Government only offers this incident for propensity purposes, it must be excluded under Rule 404(b) or, in the alternative, under Federal Rule of Evidence 403 because it is unfairly prejudicial.

In response, the Government clarifies that Bychowski made the two statements on different dates. According to the Government, Bychowski allegedly told Baker that he "spit in an FBI agent's face" in early January 2023. Then, later that month, he allegedly threatened to "blow up" Baker's store. The Government asserts that it only plans to elicit testimony related to the first statement. Rule 404(b) poses no bar to that statement, the Government contends, because the rule does not apply to direct evidence of the charged crime. With respect to the second statement, the Government agrees that testimony regarding the purported threat to Baker's store is inadmissible, adding that it does not intend to elicit such testimony unless Bychowski "opens the door" during cross-examination by claiming that Baker is biased against him.

The Court finds evidence regarding Bychowski's statements about spitting in an officer's face to be admissible. Clearly, such statements constitute direct evidence of the offense at issue and, "[t]ime and again [the Seventh Circuit] ha[s] said that Rule 404(b) does not apply to direct evidence of the crime charged." *Elmer v. United States*, 590 F.3d 1171, 1175 (7th Cir. 2020) (internal quotation marks omitted). On the other hand, the Court concludes that Bychowski's purported threat to "blow up" Baker's store is inadmissible pursuant to Rule 404(b). Specifically, if allowed, it would constitute evidence of another crime, wrong, or act offered for the impermissible purpose for showing that on a particular occasion (*i.e.*, the spitting incident on January 12, 2022) Bychowski acted in accordance with a demonstrated character trait. Furthermore, the Court finds that the reference to blowing up a business establishment also runs afoul of Federal Rule of Evidence 403, in that its probative value is substantially outweighed by the danger of unfair prejudice. If the Government believes that Bychowski has opened the door to this evidence while cross-examining Baker, it may raise the issue again at that time.

7

      In sum, the Court denies Bychowski's motion with respect to the statement that he spit on an agent but grants his motion as it relates to the alleged threat to Baker's store.

Dated: June 14, 2024

                                                  Andrea R. Wood
                                                  United States District Judge